**John Mansfield**, OSB No. 055390
Senior Assistant County Counsel
john_mansfield@washingtoncountyor.gov
Office of Washington County Counsel
155 N First Avenue, Suite 340, MS #24
Hillsboro, OR 97124
Phone (971) 401-6915
Fax (503) 846-8636
Attorney for Washington County Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF GABRIELA JIMENEZ, by and through its Personal Representative ELLEN DELGADO, <br><br> Plaintiff, <br><br> v. <br><br> VIGILNET AMERICA LLC; WASHINGTON COUNTY; WASHINGTON COUNTY COMMUNITY CORRECTIONS; WASHINGTON COUNTY SHERIFF'S OFFICE; WASHINGTON COUNTY CIRCUIT COURT; OREGON JUDICIAL DEPARTMENT; and STATE OF OREGON; DOES 1-10, <br><br> Defendant. | No. 3:24-CV-00678 <br><br> WASHINGTON COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT |

Defendant Washington County, on behalf of itself and named defendants Washington County Community Correction and Washington County Sheriff's Office (collectively, "WC"), answers Plaintiff's First Amended Complaint ("FAC") as follows:

Page 1 – WASHINGTON COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1. Responding to the allegations in Paragraph 1, the allegations call for a legal conclusion and no response is required. If a response is required, WC admits that this Court has jurisdiction.

2. Responding the allegations in Paragraph 2, the allegations call for a legal conclusion and no response is required. If a response is required, WC admits that this Court has jurisdiction.

3. Responding to the allegations in Paragraph 3, on information and belief WC admits that the alleged events and transactions that form the basis of jurisdiction are alleged to have occurred in the District of Oregon.

4. Responding to the allegations in Paragraph 4, on information and belief WC admits that the alleged events and transactions that form the basis are alleged to have occurred in the Portland Division. WC admits that this Court is the proper division.

5. Responding to the allegations in Paragraph 5, to the extent the allegations are not directed at WC, no response is required. Answering further, WC admits that it received notice of Plaintiff's claims. Except as admitted, WC denies the allegations in Paragraph 5.

6. Responding to the allegations in Paragraph 6, the allegations are not directed at WC and no response is required. If a response is required, WC is without sufficient information to either admit or deny the allegations and on that basis denies the allegations.

7. Responding to the allegations in Paragraph 7, the allegations are not directed at WC and no response is required. If a response is required, WC is without sufficient information to either admit or deny the allegations and on that basis denies the allegations.

8. Responding to the allegations in Paragraph 8, as to defendant State of Oregon, the allegations are not directed at WC and no response is required. WC admits that it is a

municipal corporation in the State of Oregon. Except as admitted, WC denies the allegations in paragraph 8.

9. Responding to the allegations in Paragraph 9, the allegations are not directed at WC and no response is required. Except as admitted, WC denies the allegations in paragraph 9.

10. Responding to the allegations in Paragraph 10, as to defendant Washington County Sheriff's Office, WC admits that Washington County Sheriff's Office is a municipal corporation of the State of Oregon and is owned and operated by WC. Except as admitted, WC denies the allegations in paragraph 10.

11. Responding to the allegations in Paragraph 11, as to defendant Washington County Community Corrections, WC admits that Washington County Community Corrections is a municipal corporation of the State of Oregon and is owned and operated by WC. Except as admitted, WC denies the allegations in paragraph 11.

12. Responding to the allegations in Paragraph 12, the allegations are not directed at WC and no response is required. If a response is required, WC is without sufficient information to either admit or deny the allegations and on that basis denies the allegations.

13. Responding to the allegations in Paragraph 13, to the extent the allegations are not directed at WC, no response is required. Answering further, WC admits that on or around October 7, 2022 Carlos Jimenez-Vargas was arraigned on a District Attorney's Information in Washington County Circuit Court on case number 22CR48727 and the language of the Information speaks for itself. Except as admitted, WC denies the remaining allegations in Paragraph 13.

14. Responding to the allegations in Paragraph 14, WC admits that WC has negotiated an agreement with WC regarding ankle monitoring. Except as admitted, WC denies the remaining allegations in Paragraph 14.

15. Responding to the allegations in Paragraph 15, WC admits that the quoted portion appeared on a twitter account associated with WC and that the link went to a WC website; denied that Washington County Community Corrections or WC was responsible for monitoring GPS devices in this case. Except as admitted, WC denies the remaining allegations in Paragraph 15.

16. Responding to the allegations in Paragraph 16, the allegations are not directed at WC and no response is required. If a response is required, WC admits that the language of the Order speaks for itself. Except as admitted, WC denies the allegations in Paragraph 16 directed against it.

17. Responding to the allegations in Paragraph 17, to the extent the allegations are not directed at WC, no response is required. Answering further, WC admits: the language of Deputy Chuck Anderson's Affidavit for Probable Cause speaks for itself; on or around October 7, 2022, Carlos Jimenez-Vargas was arraigned on an indictment in Washington County Circuit Court in case number 22CR48727; the documents pertaining to the release of Carlos Jimenez Vargas from pre-trial custody, issued by Washington County Circuit Court in Oregon criminal case number 22CR48727, State of Oregon v. Carlos Jimenez Vargas, speak for themselves. Answering further, WC denies that the penultimate and last sentences in this paragraph mean or suggest that WCSO or any part of WC was designated to be a "responsible person." Except as admitted, WC denies the remaining allegations against it alleged in Paragraph 17.

18. Responding to the allegations in paragraph 18, to the extent the allegations are not directed at WC, no response is required. Answering further, WC admits that on or around October 14, 2022, Carlos Jimenez-Vargas was arraigned on an indictment in Washington County Circuit Court in case number 22CR48727. Except as admitted, WC denies the remaining allegations against it in Paragraph 18.

19. Responding to the allegations in paragraph 19, to the extent the allegations are not directed at WC, no response is required. Answering further, WC admits that the documents pertaining to the release of Carlos Jimenez Vargas from pre-trial custody, issued by Washington County Circuit Court in Oregon criminal case number 22CR48727, State of Oregon v. Carlos Jimenez Vargas, speak for themselves. WC denies that Corporal Nelson "required Mr. Jimenez Vargas to participate in Pretrial Electronic Monitoring GPS through Vigilnet. Except as admitted, WC denies the remaining allegations against it in Paragraph 18. VigilNet." Except as specifically admitted, WC denies the remaining allegations against it in Paragraph 19.

20. Plaintiff's FAC does not contain a paragraph 20.

21. Responding to the allegations in Paragraph 21, the allegations are not directed at WC and no response is required. If a response is required, WC is without sufficient information to either admit or deny the allegations and on that basis denies the allegations.

22. Responding to the allegations in Paragraph 22, to the extent the allegations are not directed at WC, no response is required. Answering further, WC denies that it was responsible for providing or obtaining exclusion zone/addresses. WC denies the remaining allegations directed against it in Paragraph 22.

23. Responding to the allegations in Paragraph 23, to the extent the allegations are not directed at WC, no response is required. Answering further, WC denies that it was responsible for reporting electronic monitoring alerts or violations. Except as admitted, WC denies the remaining allegations against it in Paragraph 23.

24. Responding to the allegations in Paragraph 24, to the extent the allegations are not directed at WC, no response is required. As to the remaining allegations in Paragraph 24, WC is without sufficient information to either admit or deny the allegations and on that basis denies the allegations. Except as admitted, WC denies the remaining allegations against it in Paragraph 24.

25. Responding to the allegations in Paragraph 25, to the extent the allegations are not directed at WC, no response is required. As to the remaining allegations in Paragraph 25, WC is without sufficient information to either admit or deny the allegations and on that basis denies the allegations. Except as admitted, WC denies the remaining allegations against it in Paragraph 25.

26. WC incorporates by reference its responses to Paragraphs 1 through 25 above.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. WC incorporates by reference its responses to Paragraphs 1 through 30 above.

32. Denied.

33. Denied.

34. Denied.

35. WC incorporates by reference its response to Paragraphs 1 through 34 above.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

WC denies the allegations in Plaintiff's Prayer for Relief, including all subparts.

## AFFIRMATIVE DEFENSES

WC reserves the right to rely upon these affirmative defenses to the claims asserted in Plaintiff's FAC to the extent supported by the evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest with Plaintiff, and with the reservation of its right to amend or supplement its responses to Plaintiff's FAC, as well as WC's affirmative defenses, as information is gathered in discovery.

40. Plaintiff has failed to state a claim upon which relief can be granted.

41. Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own fault, in ways that will be revealed in discovery.

42. Plaintiff's damages, if any, are due to the fault of other third parties over whom WC had no control and is not responsible

43. Plaintiff has failed to mitigate her damages, if any.

44. WC is entitled to offset or reduction in the amount of any judgment against them to the extent that Plaintiff has received or will receive payment from others for the same damages.

45. If any loss or damage was suffered by Plaintiff as prayed for in the FAC, then said loss may have been caused or contributed to by intervening and/or superseding acts over which WC had no control or responsibility.

46. Plaintiff's claims are barred by the applicable statutes of limitations and/or ultimate repose or by the doctrine of laches.

47. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

48. Where applicable, WC incorporates the affirmative defenses raised by other Defendants in this matter.

49. WC reserves the right to amend this pleading to add or remove affirmative defenses and to allege counterclaims as discovery progresses and warrants.

**AFFIRMATIVE DEFENSES**

Having fully responded to Plaintiff's FAC, Defendant Vigilnet America LLC prays for judgment as follows:

1. Dismissal with prejudice all of Plaintiff's claims against WC;
2. Awarding WC its costs and disbursements incurred in this matter; and
3. Any other award for such relief as the Court deems just, equitable, and proper.

DATED: June 24, 2024.

    *s/John Mansfield*
John Mansfield, OSB No. 055390
Senior Assistant County Counsel
john_mansfield@washingtoncountyor.gov
Attorney for Defendant Washington County